[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11492
Non-Argument Calendar

_____

BIA Nos. A79-479-665 & A79-479-666

JEAN ROBERT REID,
MARIE RENEE REID KENOL,

                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 15, 2007)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Jean Robert Reid, a native and citizen of Haiti, seeks review of the final

order of the Board of Immigration Appeals affirming the decision of the Immigration Judge to deny Reid's application for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).[1] Reid's application is on behalf of himself and his wife, Marie Renee Reid Kenol. Reid argues that the BIA erred by: (1) determining that he had not suffered persecution on account of a statutorily protected ground; and (2) concluding that he is not member of a particular social group because wealthy property owning Haitians do not constitute a cognizable social group.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own opinion and did not expressly adopt the IJ's decision. We therefore review the BIA's decision. To the extent that the BIA's decision was based upon a legal determination, our review is de novo. See Mohammed v. Ashcroft, 261 F.3d 1244, 1247–48 (11th Cir. 2001). We review the BIA's factual determinations under the substantial evidence test, and we must affirm the BIA's decision "if it is supported by reasonable, substantial and probative evidence on the record considered as a whole." Antipova v. United

_____

[1] Because Reid does not raise any issues regarding his claim for relief under the Convention Against Torture in his opening brief, he has abandoned any challenge to the denial of this relief on appeal. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

2

States Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted); Al Najjar, 257 F.3d at 1283–84 (citation omitted). "To reverse the [BIA]'s fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of "refugee." Id. § 1158(b)(1). A "refugee" is:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

Id. § 1101(a)(42)(A). The burden of proof is on the alien to establish that she is a refugee by offering "credible, direct, and specific evidence in the record." Forgue v. United States Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

To establish asylum eligibility, the alien must demonstrate: (1) past persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion"; or (2) a "well-founded fear" that one of these

3

statutorily listed factors will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutory factor. Al Najjar, 257 F.3d at 1287 (quotations omitted).

"The statutes governing asylum and withholding of removal protect not only against persecution by government forces, but also against persecution by non-governmental groups that the government cannot control." Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). "An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a 'well founded fear' of political persecution within the meaning of the INA." Al Najjar, 257 F.3d at 1289 (citations omitted). An asylum applicant need not show merely that he has a political opinion, but must show that he was persecuted because of the imputed opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992).

> [I]t is not enough for an asylum applicant to prove that he refused to cooperate with guerrillas because of his political opinion. "Even if [the evidence compels the conclusion that the petitioner refused to cooperate with the guerrillas because of his political opinion, the petitioner] still has to establish that the record also compels the conclusion that he has a 'well-founded fear' that the guerrillas will persecute him because of that political opinion, rather than because of his refusal to [cooperate] with them."

4

Rivera v. United States Att'y Gen., 487 F.3d 815, 822 (11th Cir. 2007) (quotations omitted, alteration in original).

A request for withholding of removal requires that an alien show that his life or freedom would more likely than not be threatened in his country of origin on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 243(b)(3), 8 U.S.C. § 1253(b)(3); Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). Where a claimant fails to establish eligibility for asylum, which carries a lower burden of proof than for withholding of removal, he likewise fails to establish eligibility for this other form of relief. See Al Najjar, 257 F.3d at 1293.

Reid first argues that the BIA erred in determining that he was not persecuted on account of a statutorily protected ground. Specifically Reid contends that he was persecuted by the supporters of a political party, Lavalas, in part because of the imputed political opinion that he was not a Lavalas supporter. We disagree.

Reid has not presented any evidence that compels a conclusion that his persecution was based on an imputed political opinion. Reid presented evidence of four incidents. First, Reid testified that in November 2000, five men who he identified as Lavalas supporters stopped his car on a public road, threw him on the ground, and robbed him of his valuables. The BIA determined that this was a

5

crime of opportunity, and that the evidence did not indicate that he was targeted for any other reason than his valuables. Because Reid was robbed of all of his possessions on a public road, and there is no evidence that the men said or did anything to indicate that they had any motive beyond monetary gain, there is nothing to compel the conclusion that Reid was persecuted based on a protected ground.

The next incident presented by Reid was that one morning at his job, one of his employees who he knew to be a Lavalas supporter threatened him with retaliation after he reprimanded the employee for arriving late. The BIA found that the threat appeared to be based on a personal grudge rather than any protected ground, and that the fact that the employee might have had Lavalas connections did not make the threat one based on a protected ground. The record indicates that the employee threatened Reid immediately after he confronted the employee about his late arrival, and therefore there is nothing to compel the conclusion that Reid was persecuted based on a protected ground.

The next incident Reid complained about was that between November 2000 and April 2001, he was threatened by Lavalas supporters at the port where he worked after he refused to get them jobs to allow them to steal from the port for the benefit of the Lavalas group. The BIA concluded that these threats were based on personal grudges related to Reid's job and hiring practices, not on any statutorily

6

protected ground. The Supreme Court has said that persecution based on the refusal to support a political group does not constitute persecution based on an actual or imputed political opinion. See Elias-Zacarias, 502 U.S. at 483, 112 S. Ct. at 816 (discussing that persecution due to a refusal to join forces with the guerillas is not persecution on account of a political opinion). And the record indicates that the Lavalas supporters were threatening Reid because he refused to support their organization. Therefore, there is no evidence to compel the conclusion that Reid was persecuted based on a protected ground.

Reid's final evidence of persecution was that he was threatened by Lavalas supporters after he refused to falsify the inventory of a lumber shipment, which would have provided a profit for them. The BIA determined that this was based on Reid's refusal to engage in criminal activities that would support the Lavalas group, not based on any political opinion he may have held. There is nothing in the record to indicate that the threats were based on anything other than Reid's refusal to support the Lavalas group. As discussed above, persecution based on a failure to support a political group is not persecution on account of a political opinion. See id. Therefore, there is no evidence that compels a conclusion that Reid was persecuted based on a protected ground.

Reid's next contention of error is that the BIA found that as a wealthy Haitian landowner employed by a large business, he could not be part of a

7

cognizable social group. However, we need not address this argument because even if he were a member of a particular social group, there is no evidence that he was persecuted "on account of" his membership in that group. See 8 U.S.C. § 110a(a)(42)(A). The only evidence Reid presented that he was persecuted based on his social group, which he asserts to be wealthy property owning Haitians, was the robbery. However, as discussed above, the BIA determined that the robbery was a crime of opportunity motivated solely by the robbers' desire to steal Reid's valuables. The evidence demonstrates that the men stopped Reid on a public road, took all of his valuables on him and in his car, and then left. There is no indication that the men were aware that Reid was a wealthy landowner, and the background information on Haiti indicates that violence and crime are high across all socio-economic levels. Therefore, Reid has not presented any evidence that compels the conclusion that he was persecuted based on membership in a protected social group.

Because Reid did not establish eligibility for asylum, which carries a lower burden of proof than the withholding of removal, his withholding of removal claim necessarily fails. See Al Najjar, 257 F.3d at 1293.

**AFFIRMED.**

8